Rachel E. Kaufman, CA Bar No. 259353
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LIPP JR., individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>C2 FINANCIAL CORPORATION, a California corporation,<br><br>*Defendant.* | Case No. '22CV405 BEN DEB<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Richard Lipp Jr. ("Plaintiff" or "Lipp Jr.") brings this Class Action Complaint and Demand for Jury Trial against Defendant C2 Financial Corporation ("Defendant" or "C2 Financial") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to cellular telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Lipp Jr., for this Complaint, alleges as follows upon personal knowledge as to himself and his own

acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Richard Lipp Jr. is a resident of Chula Vista, California.

2. Defendant C2 Financial is a California registered corporation headquartered in San Diego, California. Defendant C2 Financial conducts business throughout this District, California and the United States.

## JURISDICTION AND VENUE

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper since the Defendant resides in this District and made pre-recorded calls from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress

CLASS ACTION COMPLAINT
-2-

have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 3.8 billion robocalls were placed in February 2022 alone, at a rate of 134.3 million calls per day. www.robocallindex.com (last visited March 23, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant C2 Financial is a mortgage brokerage with over 700 loan originators.[3]

15. Defendant C2 Financial uses telemarketing to solicit mortgage options to potential customers.

16. Defendant C2 Financial makes unsolicited calls using pre-recorded automated voice messages to consumers to solicit its mortgage plans. Defendant places such calls to consumers from whom it has never obtained prior express written to place such calls, like in the case of Plaintiff Lipp Jr.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/c2-financial-corporation/about/

CLASS ACTION COMPLAINT
-4-

17. Defendant C2 Financial hires employees to place outbound telemarketing sales calls to consumers and provides consumer leads to the employees for cold calling, for instance:

- [4]

- [5]

---

[4] https://www.indeed.com/cmp/C2-Financial-Corp-1/jobs
[5] https://www.indeed.com/cmp/C2-Financial-Corp-1/jobs

CLASS ACTION COMPLAINT
-5-

18.   Multiple consumers have posted complaint regarding unsolicited calls they received from and/or on behalf of Defendant C2 Financial, similar to the call received by Plaintiff Lipp Jr., including calls from the same phone number 858-504-2303 from which Plaintiff Lipp Jr. was called:

- (858) 504-2303 is a Scam Call
  Alternately: +18585042303
  Reported Name: Scam
  Reported Category: Scam
  User Reputation: NEGATIVE
  RoboKiller Block Status: BLOCKED
  Last Call: February 21, 2022
  Total Calls: 987
  Based On: 2 user reports [6]

- "Allegedly C2 Financial refi opportunity, incorrectly stating they had sent a letter. We are on the DNC list. Want me to call back at 8589235500" [7]
  17 Feb 2022
  Alleged call back number for C2 Financial, from an illegal Robo call
  Caller: Allegedly C2 fFnancial
  Call type: Scam suspicion [8]

- "Too many unwanted calls" [9]

---

[6] https://lookup.robokiller.com/p/858-504-2303
[7] *Id.*
[8] https://800notes.com/Phone.aspx/1-858-923-5500
[9] https://lookup.robokiller.com/p/858-585-9900

CLASS ACTION COMPLAINT
-6-

19. Consumers have also posted complaints about receiving unsolicited pre-recorded calls from Defendant C2 Financial Corporation using the same pre-recorded audio and the same phone number from which the Plaintiff Lipp Jr. was called, 858-504-2303, and provided the same call back number, 858-923-5500, which was given to Plaintiff Lipp Jr.:



- [10]
- [11]

20. In response to these calls, Plaintiff Lipp Jr. files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

---

[10] https://directory.youmail.com/directory/phone/8589235500
[11] https://directory.youmail.com/directory/phone/8585042303

## PLAINTIFF LIPP JR.'S ALLEGATIONS

21. On February 14, 2022, at 9:17 AM, Plaintiff Lipp Jr. received a call on his cell phone from the phone number 858-504-2303. Plaintiff Lipp Jr. did not answer the call. Plaintiff received a pre-recorded voicemail from Defendant C2 Financial which said:

> "Hey, this is Steven calling from C2 Financial, the nation's number one mortgage brokerage. We sent you a letter regarding a mortgage payment reduction that we haven't received a response to. I do see some opportunities to reducing your mortgage payments but I wanted to make sure that you were able to consider the options before rates rise. You can reach me here on my direct line. The number's 858-923-5500, again that's 858-923-5500. I hope to talk to you soon."



22. Plaintiff Lipp Jr. has never done any business with Defendant C2 Financial.

23. Plaintiff Lipp Jr. did not provide his consent to C2 Financial to place pre-recorded calls to his cell phone.

24. The unauthorized solicitation telephone call that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Lipp Jr. in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

25. Seeking redress for these injuries, Plaintiff Lipp Jr., on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

26. Plaintiff Lipp Jr. brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using the same or a similar pre-recorded voice message as was used to call the Plaintiff.

27. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or

CLASS ACTION COMPLAINT
-9-

former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Lipp Jr. anticipates the need to amend the Class definitions following appropriate discovery.

28. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls as part of the same telemarketing campaign resulting in calls to other Class members.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA; and

(b) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

30. **Adequate Representation**: Plaintiff Lipp Jr. will fairly and adequately represent and protect the interests of the Class and has retained counsel competent

and experienced in class actions. Plaintiff Lipp Jr. has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Lipp Jr. and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Lipp Jr. nor his counsel have any interest adverse to the Class.

31.     **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Lipp Jr. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

# FIRST CLAIM FOR RELIEF
## Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Lipp Jr. and the Pre-recorded No Consent Class)

32. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

33. Defendant C2 Financial transmitted unwanted solicitation telephone calls to Plaintiff Lipp Jr. and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

34. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Lipp Jr. and the other members of the Pre-recorded No Consent Class.

35. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Lipp Jr. and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lipp Jr. individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lipp Jr. requests a jury trial.

**RICHARD LIPP JR.**, individually and on behalf of all others similarly situated,

DATED this 28th day of March, 2022.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*